UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP J. TRASK, *et al.*,

    Plaintiffs,

vs.

JOHN B. MCCARTHY,

    Defendant.

Case No. 1:16-cv-528

Judge Timothy S. Black

## ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS (Doc. 6)

This civil action is before the Court on Defendant's motion to dismiss (Doc. 6) and the parties' responsive memoranda (Docs. 8, 9).

### I.    FACTS AS ALLEGED BY THE PLAINTIFFS

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to the Plaintiffs; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Phillip Trask is a Medicaid recipient living in a nursing home, and Ursula Trask is his spouse. (Doc. 1 at ¶¶ 3-5). After Mr. Trask entered the nursing home, but before his Medicaid eligibility was determined, the Trasks bought an annuity payable to Mrs. Trask. (*Id*. at ¶¶ 9, 14-15). Based on the State's interpretation of Medicaid law, Mr. Trask was found eligible but subject to "restricted coverage" because the annuity purchase was

deemed an "improper transfer." (*Id.* at ¶¶ 15-16, 20; Doc. 1-2 at 1-2).[1] During a period of restricted Medicaid coverage imposed on an applicant living in a nursing home, Medicaid does not pay for his nursing-home care (but his other Medicaid benefits are unaffected). *See* Ohio Admin. Code § 5160:1-3-07.2(B)(12), (I), (J)(2); *see also* 42 U.S.C. § 1396p(c)(1)(A) & (C). Mr. Trask's restricted-coverage period lasted from February 2014 to March 2015. (Doc. 1-2 at 5; Doc. 1-5 at 1, 3).

Mr. Trask appealed the imposition of restricted coverage within Ohio's administrative appeal system. (Doc. 1-2). The appeal resulted in a final agency decision following quasi-judicial proceedings. (*Id.*) Plaintiffs did not appeal the administrative decision to the Darke County Court of Common Pleas, the only court in which an appeal from an Administrative Appeal Decision could be heard. *See* Ohio Rev. Code, Section 5101.35(E)(1) & (E)(3) (requiring that such a court appeal be filed in the common pleas court in the county of the appellant's residence, within 30 days of the administrative appeal decision).

Notably, on February 26, 2016, the Ohio Department of Medicaid issued Medicaid Eligibility Procedure Letter 112, which states:

> The Ohio Department of Medicaid (ODM) is revising its policy about how to treat the purchase of an annuity by an individual or the individual's spouse after the date of institutionalization, but before the eligibility determination date, in an amount that is above the Community Spouse Resource Allowance (CSRA).

---

[1] To implement the Medicaid program, "[e]ach participating State develops a plan containing reasonable standards…for determining eligibility for and the extent of medical assistance within boundaries set by the Medicaid statute[s] and the Secretary of [HHS]." *Wis. Dep't of Health & Family Servs. v. Blumer*, 534 U.S. 473, 479 (2002).

> **Prior Policy:** Currently, caseworkers are required to treat the purchase of the annuity by an individual or the individual's spouse after the date of institutionalization, but before the eligibility determination date, as an improper transfer if the purchase price is above the CSRA.
>
> **New Policy:** Effective immediately, the purchase of annuity by an individual or the individual's spouse after the date of institutionalization, but before the eligibility determination date, in an amount above the CSRA shall not be determined improper if the purchase of the annuity meets the requirements listed in Ohio Administrative Code 5160:1-3-05.3.  Those requirements include, that the State of Ohio be named as a remainder beneficiary in the correct position.

(Doc. 1-4).  This change in position was a policy change and was not due to any statutory or regulatory change.  The statute and regulations addressing spousal annuities have remained constant since 2006 when they were enacted (other than the renumbering of the Ohio Administrative Code sections).  *See* 42 U.S.C. § 1396p(c)(1)(F)-(G); Ohio Administrative Code § 5160:1-3-05.3.

Plaintiffs maintain that by determining that the annuity purchased by Mrs. Trask was an improper transfer of resources, and by imposing an improper transfer penalty on Mr. Trask's Medicaid nursing home benefits, Mr. and Mrs. Trask have been deprived of their rights as secured under the Medicaid Act and Article VI of the Supremacy Clause of the United States Constitution in violation of 42 U.S.C. Section 1983.  Plaintiffs seek declaratory judgment in their favor, declaring that Defendant is depriving them of their federal rights since the Medicaid payment has been withheld.  Plaintiffs also seek an Order requiring Defendant to re-determine Mr. Trask's eligibility for benefits without

consideration of the improper transfer.

## II. ANALYSIS

### A. Res Judicata

Defendant argues that this case must be dismissed because Plaintiffs' claims have already been litigated.

The purpose of *res judicata* "is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). "[R]es judicata, whether claim preclusion or issue preclusion, applies to administrative proceedings that are 'of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding.'" *Grava v. Parkman Twp.*, 653 N.E.2d 226, 228 (Ohio 1995) (quoting *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals*, 510 N.E.2d 373 (Ohio 1987)). In this case, claim preclusion is the asserted basis for dismissal. Claim preclusion is "applicable to actions which have been reviewed before an administrative body, in which there has been no appeal made pursuant to R.C. 2506.01." *Wage v. City of Cleveland*, 456 N.E.2d 829, 831 (Ohio App. 1982).

The elements of claim preclusion in Ohio are: (1) a prior, valid final decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties (or their privies) that were involved in the prior action; (3) a second action raising claims that were or could have been litigated in the prior action; and (4) a second action

4

arising out of the transaction or occurrence that was the subject of the prior action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997)).

The general rule in Ohio is that where an administrative proceeding is of a judicial nature, and where the parties have had an ample opportunity to litigate the issues involved, the doctrine of collateral estoppel may be used to bar litigation of issues in a second administrative proceeding. *Superior's Brand v. Lindley*, 403 N.E.2d 996, 999 (Ohio 1980).

It is undisputed that the proceedings before the State Agency were of a judicial nature and, upon review of the State Agency's written decision, Mrs. Trask had an opportunity to litigate the precise issue raised here.  In the administrative proceedings, which included a hearing, Mrs. Trask argued, just as she does now, that there was a deprivation of federal rights.  The State Agency considered this argument and rejected it.  Mrs. Trask could have appealed this decision to the court of common pleas, but she did not  As such, she is bound by that decision. *Carroll v. City of Cleveland*, 522 F. App'x 299, 303 (6th Cir. 2013) ("Claim preclusion 'is…applicable to actions which have been reviewed before and administrative body, in which there has been no appeal made.'").

In the administrative proceedings, Mrs. Trask generally argued that her purchase of an annuity should not have been deemed an improper transfer under the Medicaid laws.  Here, although Plaintiffs' claims are brought as causes of action under 42 U.S.C. Section 1983, they arise from the same set of facts, and they are substantially the same as the claims raised in the administrative proceedings.  "The now-accepted test in preclusion

5

law for determining whether two suits involve the same claim or cause of action depends on factual overlap." *United States v. Tohono O'odham Nation*, 563 U.S. 307, 316 (2011). There is no question that the factual allegations raised here overlap precisely with the facts of the prior case and arise from the same transaction or occurrence that formed the basis of the previous case.

Notably, the United States District Court for the Northern District of Ohio recently recognized that a claim in a federal action under 42 U.S.C. Section 1983 can be precluded by an agency decision issued in an administrative appeal taken under Ohio Rev. Code Section 5101.35

> In administrative proceedings, Plaintiffs generally argued that Mr. Stolmayer's purchase of annuities should not have been deemed an improper transfer under the Medicaid laws. Here, although Plaintiffs' claims are brought as causes of action under 42 U.S.C. § 1983, their claims, which arise from the same set of facts, are substantially the same as the claims raised in administrative proceedings. "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap." *United States v. Tohono O'oodham Nation*, 563 U.S. 307, 131 S.Ct. 1723, 1730, 179 L.Ed.2d 723 (2011). There is no question, in this instance, that the factual allegations raised here overlap precisely with the facts of the prior case. Nor is there a dispute that Plaintiffs' claims in this case arise from the same transaction or occurrence that formed the basis of the previous case.

*Stolmayer v. McCarthy*, Case No. 5:15-cv-02409, 2016 U.S. Dist. LEXIS 66974, at *10-

11 (N.D. Ohio Mar. 21, 2016).[2] The Court in *Stolmayer* found that the final decision of the State Agency is a valid final decision on the merits. *Id.* at 8.

While this Court believes that The Ohio Department of Medicaid's Procedure Letter 112 clearly undermines the Defendant's past finding that there was an improper transfer here, the final un-appealed administrative decision of the Ohio Agency bars the instant action. However, in the spirit of Procedure Letter 112, and as a matter of fairness, this Court strongly urges Defendant McCarthy to re-determine Mr. Trask's Medicaid eligibility as of February 1, 2014, without imposing restricted coverage.[3]

### B. Eleventh Amendment

Assuming, *arguendo*, that Plaintiffs' claims are not barred by *res judicata*, they are nonetheless barred by Ohio's sovereign immunity.

The Eleventh Amendment bars suits for money damages against States, arms of the State, and state employees in their official capacities. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). "The desire to protect the solvency and dignity of the states

---

[2] Plaintiffs argue that *Stolmayer* is distinguishable, because the administrative appeal decision in that case was a decision on the merits, not a decision on the process, as it was in this case. Plaintiffs claim that in this case, they requested that the state hearing officer take into consideration the deprivation of their federal rights and that Defendant's agent refused, finding that the state hearing process could not address such claims. However, the state hearing decision expressly affirmed the County's decision on the merits by holding that the annuity purchase was an improper transfer and that the restricted coverage was correctly imposed on Mr. Trask. (Doc. 1-2 at 4-6).

[3] Had the Trasks applied for Medicaid after February 26, 2016, their annuity purchase would not have been an issue. But for Defendant's policy interpretation, which was later changed, the imposition of the improper transfer rule would not have occurred with regard to the annuity purchase. There has not been a change in the law, only a change in the way Defendant is applying the law.

motivates the doctrine of Eleventh Amendment sovereign immunity." *Lowe v. Hamilton Cnty. Dep't of Job & Family Servs.*, 610 F.3d 321, 324 (6th Cir. 2010).

Plaintiffs argue that they seek declaratory judgment and prospective injunctive relief, neither of which is barred by the Eleventh Amendment. Specifically, Plaintiffs ask the Court to declare that Defendant violated their rights in determining Trask's Medicaid application. (Doc. 1 at ¶¶ 24, 28; Prayer for Relief at ¶ 1). However, under the Eleventh Amendment, the Court cannot issue a declaration of past violations. *See, e.g., Green v. Mansour*, 474 U.S. 64, 71-73 (1985). Nothing in the complaint amounts to an allegation of an ongoing violation of law, and there is no evidence that Director McCarthy is currently violating Plaintiffs' federal rights. The entire case centers on a decision made within Ohio's Medicaid program in 2014 that resulted in the withholding of certain Medicaid benefits until March 2015. Plaintiffs claim that the Director's continuing refusal to pay for Mr. Trask's past nursing-home care (for the period of February 2014 to March 2015) constitutes a continuing violation of the Trasks' rights. However, payment of past benefits—even if wrongfully withheld— is retrospective. *See Edelman v. Jordan*, 415 U.S. 651, 664-65 (1974). Pursuant to the Eleventh Amendments, federal courts cannot award payment for past public benefits on grounds that the State wrongly denied them. *Id.* at 666-77.

Accordingly, Plaintiffs are not entitled to a declaration of a past violation nor an order that the Director pay Mr. Trask's benefits – notwithstanding that they were, in the Court's estimation, wrongfully withheld.

8

### III. CONCLUSION

For these reasons, Defendant's motion to dismiss (Doc. 6) is **GRANTED**. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date: 8/24/16    *s/ Timothy S. Black*
Timothy S. Black
United States District Judge